# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-704V
UNPUBLISHED

|  |  |
|---|---|
| MICHAEL LUCERO, <br><br>                 Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                 Respondent. | Chief Special Master Corcoran <br><br> Filed: June 15, 2020 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*John Robert Howie, Howie Law, PC, Dallas, TX, for petitioner.*

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On May 14, 2018, Michael Lucero filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") following the administration of an influenza ("flu") vaccine he received on November 9, 2017. Petition at 1, 13. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 10, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On June 12, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $165,500.00 for pain and suffering and $1,255.47 for the satisfaction of a Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

A. **A lump sum payment of $1,255.47, which amount represents reimbursement of a State of New Mexico Medicaid lien, in the form of a check payable joint to Petitioner and**
**Presbyterian Health Plan Subrogation**
**P.O. Box 27489**
**Albuquerque, NM 87125-7489**
**Presbyterian ID: 1058642700**
Petitioner agrees to endorse this payment to Presbyterian Health Plan Subrogation.

B. **A lump sum payment of $165,500.00, in the form of a check payable to Petitioner.**

These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
                                                )
MICHAEL LUCERO,                                 )
                                                )
                 Petitioner,                    )
                                                )        **No. 19-704V**
v.                                              )        **Chief Special Master Corcoran**
                                                )        **ECF**
SECRETARY OF HEALTH AND                         )
HUMAN SERVICES,                                 )
                                                )
                 Respondent.                    )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 14, 2018, Michael Lucero ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"

or "Act"), alleging that he suffered from Guillain-Barre Syndrome ("GBS"), as defined in the

Vaccine Injury Table, following administration of an influenza vaccine he received on

November 9, 2017.  Petition at 1, 13.  On June 8, 2020, the Secretary of Health and Human

Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for

compensation under the terms of the Act for a GBS Table injury, and on June 10, 2020, the Chief

Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF

No. 26; ECF No. 27.

## I.    Items of Compensation

### A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $165,500.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    Medicaid Lien

Respondent proffers that petitioner should be awarded $1,255.47, which represents full

satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of

New Mexico may have against any individual as a result of any Medicaid payments that New

Mexico has made to or on behalf of petitioner from the date of his eligibility for benefits through

the date of judgment in this case as a result of his vaccine-related injury suffered on or about

November 9, 2017, under Title XIX of the Social Security Act.  Such compensation shall be in

the form of a lump sum payment as forth in section II.A below.  Petitioner agrees.

II.    **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner should be made through

the lump sum payments as described below and requests that the Chief Special Master's decision

and the Court's judgment award the following[1]:

A.    A lump sum payment of $1,255.47, which amount represents reimbursement of a

State of New Mexico Medicaid lien, in the form of a check payable jointly to petitioner and

Presbyterian Health Plan Subrogation
P.O. Box 27489
Albuquerque, NM  87125-7489
Presbyterian ID:  10581642700

Petitioners agree to endorse this payment to Presbyterian Health Plan Subrogation.

B.    A lump sum payment of $165,500.00, in the form of a check payable to petitioner.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future pain and
suffering.

2

### III. Summary of Recommended Payments Following Judgment

Lump sum payable jointly to petitioner, Michael Lucero, and Presbyterian Health Plan Subrogation: **$1,255.47**.

Lump sum payable to petitioner, Michael Lucero: **$165,500.00**

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/*Claudia B. Gangi*
Claudia B. Gangi
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station Washington, D.C.
20044-0146
Direct dial: (202) 616-4138

Dated: June 12, 2020